### John M. Monaghan v. John Morgan Hall.

Commercial partnerships are not chartered under the laws of Louisiana; and, consequently, companies which *are* so chartered do not come within that category.

Creditors of such companies can only compel the members of the same to pay the amounts that may be due by them to the companies on shares owned by them.

If parol testimony, offered to prove the charter of a company be not objected to, it can be received as evidence to establish that fact.

APPEAL from the Second District Court of New Orleans, *Howell,* J. *Eggleston,* for plaintiff.

*P. H. Morgan and John H. New, for defendant and appellant.*—There was judgment in the lower Court, holding John Morgan Hall, defendant, liable for the payment of two bills of exchange, drawn in Louisville, Ky., by J. Hooper, Captain of the steamer J. A. Cotton, on E. Lanoue, President of the New Orleans and Bayou Sara Mail Company.

It is not contended that the name of John Morgan Hall appears, in any manner, upon these bills. But the right is claimed and an effort made to connect John Morgan Hall with those bills, by evidence of the existence of a commercial partnership, known as the New Orleans and Bayou Sara Mail Company, of which he was a member.

The Acts of the Legislature of 1855, p. 182, authorize any number of persons, not less than six, to form themselves into, and to constitue a corporation for certain purposes, promotive of the public good.

If the Bayou Sara Mail Company be a corporation created under the provisions of this act, John Morgan Hall is liable on its contracts only for the unpaid balance due the company on the shares owned by him (Sec. 8, Act No. 131, 1855, p. 184); and the judgment of the lower Court is erroneous in holding him responsible as a member of a commercial partnership.

Upon whom are the bills in question drawn? Upon E. Lanoue, President of the New Orleans and Bayou Sara Mail Company.

Is that an indication of a commercial partnership? Do commercial partnerships have Presidents? The designation of an individual by such a title in the very bills of exchange sued on, is reconcilable only with the existence of a corporate body or company in which that office could be held.

The appellee contends that the existence of a corporation must be proved by the production of its charter. Yes; when a corporation sues and its existence is specially put at issue. But can a party accept an obligation of a company drawn on its President, and thus informed of its corporate existence, deny it when he sues the corporation.

"Where a cognizance, mortgage, note or other instrument is given to a corporation, as such, the party giving it is thereby estopped from denying the corporate existence of the corporation." Angell & Ames on Corporations, page 574.

Plaintiff having received bills of exchange drawn on the President of the New Orleans and Bayou Sara Mail Company, is estopped from denying its corporate existence.

What evidence have we of the allegation that John Morgan Hall is a member of a commercial partnership, known as the New Orleans and Bayou Sara Mail Company? The testimony of Landry, a witness, it will be observed, for the plaintiff, is that Hall was a member of the Bayou Sara Mail Company, chartered under the laws of the State of Louisiana.

What meaning is there in this, if the position assumed by plaintiff be correct?

Are commercial partnerships formed under the laws of Louisiana, with Presidents at their head, upon whom bills are drawn and citations made?

If the witness of the plaintiff makes good the defence of the defendant, what need of enquiring into the nature of the best attainable evidence to be adduced by him? If such evidence had been offered by defendant, the objection would be well taken. But it is the evidence of the plaintiff.

With the provisions of the charter of the New Orleans and Bayou Sara Mail Company; whether the formalities required by law for its notification to the public have been complied with; whether it was inscribed or published in a newspaper, or in what Notary's office it is deposited, we

have nothing to do. Its existence is the fact which the plaintiff has kindly established; which, if he had not, under the authorities quoted, he is estopped from denying.

If, then, John M. Monaghan, from the evidence of the bills of exchange sued on, undeniably looked to a corporate body, of which E. Lanoue was President, for their liquidation, John Morgan Hall, a member of that company or corporate body, is clearly not liable for the debt in question, unless there be unpaid balances due on his shares. There is no such allegation here. Hence any promise made by him to pay such a debt, is a promise to pay the debt of a third person.

Such promises must be in writing. Acts 1858, p. 148, § 3.

The promises made in this case are not in writing. They are, therefore, inadmissible. We take it then to be established, first, that the plaintiff is estopped, by the bills of exchange sued on, from denying that he looked to a corporated company of which E. Lanoue was President for their settlement; and, secondly, that the character of that company, its corporate existence, its formation under the laws of the State of Louisiana being made apparent from the testimony of plaintiff's own witness, he is debarred from invoking the rule of evidence which requires the best attainable evidence of a fact to be adduced; and from insisting that the charter or act of incorporation of the company should have been offered by defendant; and that the promises of John Morgan Hall to pay the debt in question, not being made in writing, are to be considered as not made at all.

For these reasons, we respectfully submit that the judgment of the lower Court is erroneous and should be reversed.

HYMAN, C. J. Defendant is appellant from a judgment rendered against him in this case.

He is sued as a member of the New Orleans and Bayou Sara Mail Company, alleged to be a commercial partnership, to compel him to pay two drafts drawn on the President of the Company.

The question to be solved is, whether the Company is a commercial partnership; for, if so, we think there is proof sufficient to affirm the judgment of the District Court.

The parol evidence, which was introduced without objection, is that this company was an association or company duly chartered under the laws of the State.

Commercial partnerships are not chartered under the laws of the State of Louisiana; consequently, the New Orleans and Bayou Sara Mail Company could not be a commercial partnership so chartered.

On the contrary, companies, a term frequently used in the statutes for and instead of the term corporations, are chartered under the law.

Creditors of such companies can only compel the members of the same

to pay the amounts that may be due by them to the companies on shares owned by them.

In this case, plaintiff has based his right to recover on the sole ground that defendant is liable as a partner in the New Orleans and Bayou Sara Mail Company.

He has not asked to have judgment against defendant, because of any amount that he may owe the company on shares owned by him as stockholder; nor has he proved that defendant owed the company for his shares. It is contended that it is not shown that all the forms were complied with, so as to give the company the character of a chartered corporation, and thereby exempt the members thereof from liability as partner. It is easy to perceive how a company duly chartered under law must have complied with all the forms essential to obtain the charter; for otherwise, it would not have been duly chartered. The difficulty lies in not objecting to the admission of the parol evidence.

It is decreed that the judgment of the District Court be reversed, and that there be judgment for defendant; the plaintiff to pay all costs.